J. S73001/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| QUINTANT PATRICK ELLIS, | : | No. 771 WDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, April 29, 2015,
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-CR-0009622-2008

BEFORE:  FORD ELLIOTT, P.J.E., LAZARUS AND JENKINS, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED NOVEMBER 08, 2016**

Quintant Patrick Ellis appeals from the order of April 29, 2015, dismissing his second PCRA[1] petition as untimely.  We affirm.

On January 7, 2009, following a non-jury trial, appellant was found guilty of two counts of robbery, and one count each of criminal conspiracy and carrying a firearm without a license.[2]  The Commonwealth filed notice of its intention to seek the mandatory minimum sentence of 5 years' imprisonment for the robbery offenses pursuant to 42 Pa.C.S.A. § 9712 (crimes committed with firearms).  On April 6, 2009, appellant received concurrent sentences of 6½ to 13 years' imprisonment for each count of

---

[1] Post-Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

[2] 18 Pa.C.S.A. §§ 3701(a)(1)(i) or (ii), 903(a)(1), and 6106, respectively.

robbery, and a consecutive sentence of 2½ to 5 years for carrying a firearm without a license, for an aggregate sentence of 9 to 18 years' imprisonment. No further penalty was imposed for criminal conspiracy.

Appellant did not file post-sentence motions or a direct appeal; however, on June 1, 2011, appellant filed a *pro se* PCRA petition, seeking reinstatement of his appellate rights *nunc pro tunc*. Counsel was appointed, and filed a petition to withdraw and *Turner/Finley* "no merit" letter.[3] On September 14, 2011, the PCRA court granted counsel permission to withdraw and issued a Rule 907[4] 20-day notice. By order filed January 11, 2012, appellant's petition was dismissed. Appellant did not file an appeal from that order.

On November 24, 2014, appellant filed a second *pro se* PCRA petition. Therein, appellant alleged that the after-recognized constitutional right exception to the PCRA's one-year jurisdictional time limitation applied. *See* 42 Pa.C.S.A. § 9545(b)(1)(iii). According to appellant, his sentence was illegal under *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) (holding that facts that increase mandatory minimum sentences must be submitted to the jury and must be found beyond a reasonable doubt). *See also*, *e.g.*, *Commonwealth v. Newman*, 99 A.3d

---

[3] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

[4] Pa.R.Crim.P. 907.

86 (Pa.Super. 2014) (*en banc*), *appeal denied*, 121 A.3d 496 (Pa. 2015) (42 Pa.C.S.A. § 9712.1 (relating to drug offenses committed with firearms), does not pass constitutional muster under *Alleyne*).

On December 4, 2014, counsel was appointed and filed an amended petition on appellant's behalf on December 23, 2014, raising the identical issue. The PCRA court issued Rule 907 notice on January 13, 2015, and by order filed April 29, 2015, appellant's petition was dismissed. A timely notice of appeal was filed on May 15, 2015, together with a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On May 18, 2016, the PCRA court filed a Rule 1925(a) opinion.

Appellant has raised the following issue for this court's review:

> 1. Did the trial court err in denying appellant's PCRA petition since appellant's two five year mandatory minimum sentences for robbery were unconstitutional, pursuant to *Alleyne* [] and [] *Newman* [], the aforementioned holdings should be retroactively applied, but, *arguendo*, even if those holdings are not retroactive, *Newman* and other recent cases have held that 42 Pa.C.S. § 9712(a) is facially unconstitutional, from the date of its enactment, and therefore appellant must be re-sentenced?

Appellant's brief at 3 (capitalization omitted; reformatted).

> Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the record evidence and free of legal error. *Commonwealth v. Wilson*, 824 A.2d 331, 333 (Pa.Super. 2003) (*en banc*). Before addressing the merits of Appellant's claims, we must first determine

whether we have jurisdiction to entertain the underlying PCRA petition. *See Commonwealth v. Hackett*, 598 Pa. 350, 956 A.2d 978, 983 (2008) (explaining that the timeliness of a PCRA petition is a jurisdictional requisite).

The most recent amendments to the PCRA, effective January 19, 1996, provide that a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

(i)     the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or the law of this Commonwealth or the Constitution or law of the United States;

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of Pennsylvania after the time period provide[d] in this section and has been held by that court to apply retroactively.

> 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). "We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Marshall*, 596 Pa. 587, 596, 947 A.2d 714, 719 (2008) (citations omitted).

*Commonwealth v. Whitehawk*, ___ A.3d ___, 2016 WL 4473779 at *2 (Pa.Super. 2016).

Instantly, appellant was sentenced on April 6, 2009, and he did not file post-sentence motions or a timely appeal with this court. Therefore, appellant's judgment of sentence became final 30 days thereafter on May 6, 2009. *See* 42 Pa.C.S.A. § 9545(b)(3) (providing "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[]"). As such, appellant had until May 6, 2010, to file a timely first petition for post-conviction relief. Appellant filed the instant PCRA petition on November 24, 2014; therefore, it is patently untimely, and the PCRA court could not address the merits of appellant's petition unless a timeliness exception applies.[5]

---

[5] According to appellant, because issues relating to *Alleyne* implicate the legality of the sentence, they can be brought at any time and "cannot be defeated pursuant to the PCRA time-bar." (Appellant's brief at 11.) *See Commonwealth v. Fennell*, 105 A.3d 13, 15 (Pa.Super. 2014), *appeal denied*, 121 A.3d 494 (Pa. 2015) (issues pertaining to *Alleyne* go directly to the legality of the sentence and may be entertained as long as the reviewing court has jurisdiction) (citations omitted). However, a legality of sentencing issue must be raised in a timely filed PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(2); *Commonwealth v. Fahy*, 737 A.2d 214, 223

As stated above, appellant argues that Subsection 9545(b)(1)(iii), the newly recognized constitutional right exception, applies, based on *Alleyne* and *Newman*. However, recently our supreme court decided that *Alleyne* does not apply retroactively to cases pending on collateral review. *Commonwealth v. Washington*, ___ A.3d ___, 2016 WL 3909088 (Pa. July 19, 2016). *See also Commonwealth v. Miller*, 102 A.3d 988 (Pa.Super. 2014) (*Alleyne* does not satisfy the new retroactive constitutional right exception to the PCRA's one-year time-bar, 42 Pa.C.S.A. § 9545(b)(1)(iii)). *Cf. Commonwealth v. Ruiz*, 131 A.3d 54 (Pa.Super. 2015) (defendant was entitled to the benefit of *Alleyne* where he raised the claim in a <u>timely</u> PCRA petition <u>and</u> his judgment of sentence was still pending on direct review when *Alleyne* was handed down).

Appellant contends that the rule announced in *Alleyne* is substantive in character and should be applied retroactively. (Appellant's brief at 12.) To the contrary, our supreme court in *Washington* decided that *Alleyne* was not a groundbreaking, "watershed" rule of criminal procedure that applies retroactively on collateral review. *See Teague v. Lane*, 489 U.S. 288 (1989) (plurality) (a new constitutional rule of criminal procedure does not generally apply to convictions that were final when the new rule was

---

(Pa. 1999) (holding that "[a]lthough a legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto").

announced); *see also Commonwealth v. Riggle*, 119 A.3d 1058 (Pa.Super. 2015) (declining to give *Alleyne* retroactive effect to cases on timely collateral review when the defendant's judgment of sentence was finalized before *Alleyne* was decided). Therefore, appellant is not entitled to the benefit of *Alleyne*.[6]

For these reasons, appellant's serial PCRA petition was untimely, no exception to the jurisdictional one-year time-bar applied, and the PCRA court did not err in dismissing it without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/8/2016

---

[6] Furthermore, appellant did not file his petition within 60 days of *Alleyne* (June 17, 2013) or this court's decision in *Newman* (August 20, 2014), invalidating Section 9712.1. *See* 42 Pa.C.S.A. § 9545(b)(2) (a petition invoking one of the statutory exceptions must be filed within 60 days of the date the claim could have been presented); *Commonwealth v. Brandon*, 51 A.3d 231, 235 (Pa.Super. 2012) ("[T]he sixty-day period begins to run upon the date of the underlying judicial decision."), quoting *Commonwealth v. Boyd*, 923 A.2d 513, 517 (Pa.Super. 2007).